## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA
## TULSA DIVISION

| | |
|---|---|
| ALERT 360 OPCO, INC.; CENTRAL SECURITY GROUP – NATIONWIDE, INC. D/B/A ALERT 360; AND GUARDIAN SECURITY SYSTEMS, INC., D/B/A ALERT 360 <br><br> Plaintiffs, <br><br> v. <br><br> VIVINT SMART HOME, INC. F/K/A MOSAIC ACQUISITION CORP.; AND LEGACY VIVINT SMART HOME, INC. F/K/A VIVINT SMART HOME, INC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  Case No.:4:23-cv-00082-JFH-MTS |

### JOINT STATUS REPORT

**Jury Demanded**:     Yes

      **I.**

      **Summary of Alert 360's Claims**: Alert360 brings five causes of action against Vivint seeking compensatory and punitive damages related to Vivint's deceptive sales practices targeting Alert 360 customers on their doorsteps across the United States.  Both Alert 360 and Vivint compete in the home security and automation industry.  For many years, Vivint's door-to-door salesforce has targeted Alert 360 customers (Vivint knows when a homeowner has a contract with Alert 360 because of the yard sign) and has surreptitiously converted the homeowners to Vivint customers by falsely representing that Vivint is somehow affiliated with Alert 360.  These lies can take several forms, such as: stating Alert 360 is going out of business and Vivint is acquiring them; stating that Vivint manufactured the Alert 360 equipment and needs to do an upgrade; that the companies are related entities; that Vivint is taking over the monitoring of the Alert 360 account;

that Vivint is a subcontractor; and many other variations on the same theme.  Additionally, the evidence will show Vivint also employs other illegal misrepresentations to convert Alert 360 customers such as lying about the right of rescission period; promising to pay to buyout the customer's contract with Alert 360 and then failing to do so; and failing to disclose to customers Vivint is taking out a separate bank loan in the customer's name to pay for their equipment (in addition to the cost of the monthly monitoring service).

These lies have been effective across the industry and Vivint has grown significantly in the last decade from them.  Sixteen state attorneys general and the federal government have repeatedly sued Vivint for these tactics over the past 14 years, but with little to no noticeable deterrent effect. Likewise, Vivint was recently hit with a $189.7M verdict in federal court in North Carolina in a nearly identical lawsuit against another competitor, CPI Security Systems Inc., for the same conduct at issue in this case.  Here too, the evidence will show that for many years Vivint has financially built the regulatory and liability risks of this misconduct into how it does business. Because this misconduct has always remained profitable to Vivint, its corporate leadership and the highest achievers within its sales force, Vivint admits that its past compliance efforts allegedly aimed at deterring this conduct were totally ineffective because they were financially insufficient to deter the misconduct of its salesforce.  That is why the conduct has not stopped, and that is why Alert 360 seeks punitive damages.

Alert 360 asserts five causes of action.  The first cause of action is false affiliation under the Lanham Act – that Vivint's agents made false representations that were likely to confuse Alert 360's customers as to the Vivint agents' relationship with Alert 360.  The second cause of action is common law trademark infringement.  Similarly to the Lanham Act claim, this cause of action arises out of Vivint's agents making false representations that were likely to confuse Alert 360's

customers as to the Vivint agents' relationship with Alert 360.  The third cause of action is common law unfair competition – that Vivint's agents made false sales pitches to Alert 360's customers, intending to mislead those customers.  The fourth cause of action is a violation of the Oklahoma Deceptive Trade Practices Act – that Vivint's use of false and deceptive sales pitches that confuse customers has caused Alert 360 customers to cancel their Alert 360 alarm services under false pretenses.  The fifth cause of action is common law malicious/tortious interference with a contract– that Vivint's sales representatives were knowledgeable of Alert 360's customers' contractual and business relationships with Alert 360 yet intentionally and without valid justification interfered with such relationships using improper means.

**Summary of Vivint's Counterclaims:** Counterclaim-Plaintiffs Vivint Smart Home, Inc. f/k/a Mosaic Acquisition Corp., Inc., and Legacy Vivint Smart Home, Inc., f/k/a Vivint Smart Home, Inc. (collectively, "Vivint") are in the business of providing full-service smart home products and services, including electronic home automation and security systems and services, to customers and businesses throughout the United States, Canada, and New Zealand. Vivint's products and services include, among other things, the sale of integrated smart home security systems, professional installation, and 24-hour/7-days-a-week monitoring and support for its customers.  Through decades of considerable effort and expense, Vivint has grown into an innovative and industry-leading smart home company, serving millions of customers throughout the United States and Canada.  As regional competitors of Vivint, Counterclaim-Defendants Alert 360 Opco, Inc., Central Security Group—Nationwide, Inc., d/b/a Alert 360, and Guardian Security Systems, Inc., d/b/a Alert 360 (collectively, "Alert 360"), are also engaged in the same or similar lines of business—selling and installing security and home automation services in geographic areas where Vivint's customers are located, including within this District.  Although Alert 360 and

Vivint compete in the home security industry, Vivint stands out as the preferred product among consumers due to its superior technology and customer service.

As described in more detail in Vivint's counterclaims (ECF No. 32), Alert 360 has engaged and is still engaging in a campaign to damage Vivint's reputation, goodwill, and business relationships by, among other things, disseminating false, disparaging, and damaging information about Vivint, by unfairly competing with Vivint, and by interfering with Vivint's contractual and other advantageous business relationships. Alert 360 attempts to, and has successfully, lured Vivint customers away through confusion and deception. Specifically, representatives from Alert 360 have misled Vivint customers into believing, among other things: (1) that Vivint has given a customer's contract to Alert 360; (2) that Alert 360 has bought out or otherwise acquired Vivint; and/or (3) that Alert 360 has come to upgrade Vivint's home security equipment. These misrepresentations allow Alert 360 to freeride on the much higher goodwill of Vivint as a home security service, damage Vivint's name, and lead Vivint's customers to do business with Alert 360 under false pretenses. As a result of Alert 360's actions, Vivint's customers frequently become bound in multi-year contracts with Alert 360.

Based on these facts, Vivint alleged the following claims:

Count 1 – Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)
Count 2 – Vicarious Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)
Count 3 – Contributory Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)
Count 4 – Induced Unfair Competition in Violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)
Count 5 – Common Law Unfair Competition
Count 6 – Violation of the Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. § 54(a)
Count 7 – Common Law Trademark Infringement
Count 8 – Common Law Malicious/Tortious Interference with A Contract and/or Prospective Business Relationships

A. Claims and/or Counterclaims to be Dismissed: None at this time.

II.     **Summary of Defenses**:

**Vivint's Defenses to Alert 360's Claims:**

Vivint's defenses to Alert 360's claims are set forth in its answer (ECF No. 32) and include the following:

The complaint, and each cause of action purportedly alleged therein, fails to state any claim for which relief may be granted.

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and/or the doctrines of laches and waiver.  Plaintiffs also impermissibly and intentionally delayed in bringing this action to assert their alleged rights.

Since Plaintiffs engage in the very same conduct of which it accuses Vivint representatives, Plaintiffs' claims are also barred, in whole or in part, by the doctrines of unclean hands and/or estoppel, by Plaintiffs' unfair, deceptive, unlawful, and anticompetitive conduct in violation of the Lanham act and Oklahoma law, and by Vivint's pro-competitive justification and privilege as a competitor.  To the extent that Plaintiffs seek any form of equitable relief, such relief is barred, in whole or in part, by the doctrine of unclean hands and/or estoppel.

Any statements made by Vivint were truthful, or at least substantially true.  To the extent that the fact finder concludes that Vivint did make misrepresentations, those misrepresentations were puffery and not violations of the Lanham Act.  To the extent that any Vivint sales representatives engaged in improper conduct or made any false or misleading statements, they were acting outside of their authority and scope of employment and contrary to the applicable standards and codes of conduct.

Plaintiffs' Oklahoma Deceptive Trade Practices Act claim is barred insofar as the alleged deceptive conduct supposedly occurred outside of Oklahoma and was targeted at out-of-state

customers.   Additionally, Plaintiffs' Common Law Trademark Infringement claim is barred because the conduct complained of amounts to (1) descriptive fair use of the marks at issue, which permits use of another's trademark to describe the user's products or services, rather than as a trademark to indicate the source of the goods or services, (2) nominative fair use of the marks at issue, which occurs when another's mark is used to describe a defendant's own marks, and/or (3) fair use of the marks at issue in comparative advertising.

Any purported loss of Plaintiffs' goodwill or damage to Plaintiffs' reputation were the result of Plaintiffs' own conduct or other conduct for which Vivint is not responsible.   Plaintiffs have not suffered injury in fact and have not lost money or property as a result of any alleged act by Vivint.   Vivint was not the proximate cause of Plaintiffs' alleged damages.

To the extent there were any damages, Plaintiffs cannot recover them because they failed to mitigate.   Plaintiffs cannot recover overlapping and/or duplicative damages based on harm alleged based on the same underlying conduct.   Plaintiffs cannot recover punitive damages because Vivint has acted at all relevant times in good faith, and an award of punitive damages in this case would violate the due process requirements of the Fourteenth Amendment to the Constitution of the United States of America and the Constitution of the State of Oklahoma.   Under 23 Okla. Stat. § 23-9.1 and the Fourteenth Amendment, Vivint is not liable for punitive damages either vicariously or directly.

Vivint reserves the right to assert such additional defenses based upon subsequently acquired knowledge or information that becomes available through discovery.

**Alert 360's Defenses to Vivint's Counterclaims:**

Alert 360 generally denies all the allegations set forth by Vivint in its counterclaims because Alert 360 has not engaged in the unfair or deceptive conduct Vivint alleges. Additionally, Alert 360 raised 18 affirmative defenses to Vivint's counterclaims.

Given that it is Vivint, not Alert 360, that has engaged in years of systematic, unfair, and deceptive conduct, Vivint's counterclaims are barred by the equitable doctrines of unclean hands, waiver, estoppel, and unjust enrichment.

Some or all of Vivint's counterclaims are barred by the doctrine of laches.

Some or all of Vivint's counterclaims may be barred by the statute of limitations.

Any statements Alert 360 has made about Vivint are constitutionally protected speech. Additionally, these statements are part of legitimate business competition and further protected by the doctrine of fair use because the statements were true and in furtherance of lawful competition.

Any purportedly unlawful conduct by any Alert 360 employee occurred outside the scope of that employee's employment.

Any damages Vivint alleges in its counterclaims were either caused by Vivint's own misconduct or by the conduct of third-parties not affiliated with Alert 360.

Vivint's counterclaims based upon the existence of purported contracts with customers are barred because the contracts were induced by duress. Furthermore, those claims are barred because the purported contracts at issue are unconscionable and/or induced by fraud.

Vivint's counterclaims are barred, in whole or in part, because of Vivint's violation of the right of cancellation requirements set forth by 16 CFR § 429.1, which constitutes a *per se* unfair and deceptive trade practice, and is not a lawful basis for Vivint to recover damages.

Vivint's counterclaims are barred in whole or in part by the doctrine of accord and satisfaction.

To the extent Vivint's claims arise out of any alleged protection of any trademark or design mark with the USPTO, such claims are barred, in whole or in part, because said trademarks or design marks are not protected under the Lanham Act.

Vivint failed to mitigate any purported damages.

Alert 360 may assert additional affirmative defenses to Vivint's counterclaims throughout the course of litigation based on information obtained in the discovery process and preserved the right to do so in its Answer to Vivint's Counterclaims.

A. Defenses and/or Counterclaim Defenses to be Abandoned: None at this time.

**III.  Motions Pending:**

None.

**IV.  Stipulations:**

A. Jurisdiction Admitted:      Yes

B. Venue Appropriate:      Yes

C. Facts:

    a. Plaintiff Alert 360 Opco, Inc. is a Delaware corporation with its principal place of business in Tulsa, Oklahoma 74137.

    b. Plaintiff Central Security Group – Nationwide, Inc., d/b/a Alert 360, is a Delaware corporation with its principal place of business in Tulsa, Oklahoma.

    c. Alert 360 Opco, Inc. is the parent company for Central Security Group.

    d. Plaintiff Guardian Security Systems, Inc., d/b/a Alert 360, is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

    e. Vivint Smart Home, Inc., formerly known as Mosaic Acquisition Corp., is a Delaware corporation with its principal place of business located at 4931 North 300 West, Provo, Utah 84604.

    f. Vivint Smart Home, Inc. (f/k/a Mosaic Acquisition Corp.) was created on January 17, 2020 pursuant to an Agreement and Plan of Merger, dated September 15, 2019, by and among Vivint Smart Home, Inc. (f/k/a Mosaic

Acquisition Corp.), Maiden Merger Sub, Inc., and Legacy Vivint Smart Home, Inc. (f/k/a Vivint Smart Home, Inc.).

g. Vivint Smart Home, Inc.'s (f/k/a Mosaic Acquisition Corp.) registered agent for service of process is The Corporate Trust Company, Corporation Trust Center 2109 Orange Street, Wilmington, Delaware, 19801.

h. Legacy Vivint Smart Home, Inc. is a Delaware corporation with its principal place of business located at 300 West, Provo, Utah 84604.

D. Law:

a. No stipulations at this time.

**V.     Proposed Deadlines:**

A. Joinder of parties and claims and amendment of pleadings:  November 17, 2023

B. Substantial Completion of Document Production:  March 15, 2024

C. Party Depositions:  March 18, 2024 through June 14, 2024

D. Close of Fact Discovery:  June 14, 2024

E. Proposed date for expert reports and expert witness list by the party with the burden of proof on the claim:  August 30, 2024

F. Proposed date for expert reports and expert witness lists by the party opposing the claim:  October 14, 2024

G. Expert discovery cutoff date:  November 22, 2024

**VI.     Fed. R. Civ. P. 26(f) Discovery Plan**

A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

No

B. When were or will initial disclosures under Rule 26(a)(1) be made?

June 30, 2023

Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply  with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a

magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner  may result in sanctions, including  prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C.  Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?

No

D.  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

No

E.  Proposed Number of Fact and Expert Depositions:

1.  To be allowed for Plaintiff?  30

2.  To be allowed for Defendant?  30

F.  Is there a need for any special discovery management order(s) by the Court?

No

G.  The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.   Anticipated Dispositive Motions?**

Yes.  The Parties agree that select issues in this case may be simplified through motion practice and agree to timely file motions directed at any claims or defenses as necessary. At this time, the Parties anticipate that motions for summary judgment are likely to be filed.

**VIII.   Do all parties consent to trial before the assigned magistrate judge?**

No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the  designated  mailbox  at  CM-ECFIntake_OKND@oknd.uscourts.gov  and  indicate  the month  and  year  in  which  trial  by  the  magistrate  judge  is  requested.  Please  do  not  file proposed  documents  as  an  attachment  to  a  document.  (Refer  to  Section  XIV  of  the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.    Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

The parties do not currently anticipate any matter that should be referred to the assigned magistrate judge for final disposition.  Should this understanding change as a result of developments in this action, the Parties will timely notify this Court of any referral request.

If yes, please email a completed, proposed Consent to Magistrate Disposition Motion (AO 085A) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov. Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.    Settlement Plan** (Check one):

Settlement Conference Requested After:  June 14, 2024

Describe Settlement Judge Expertise Required, If Any:  The parties agree that Lanham Act and/or trademark experience would be helpful in mediating the case, but prior experience with complex commercial civil matters would also be sufficient.

Private Mediation Scheduled On:  N/A

Other ADR (Explain):  N/A

ADR Appropriate:

Yes.  Mediation between the close of fact discovery and end of expert discovery.

Copy of the Court's ADR Booklet Provided to Clients as Required?

Plaintiffs:          Yes

Defendants:       Yes

**XI.    Does this case warrant special case management?**

No

**XII.    Do the parties request that the Court hold a scheduling conference?**

No

**XIII.    Estimated Trial Time:**

At this time, the parties believe trial in this action will likely require approximately 10 days.

Respectfully submitted,

**CHRISTENSEN LAW GROUP, P.L.L.C.**

/s/ J. Clay Christensen
J. Clay Christensen (OBA #11789)
Jonathan M. Miles (OBA #31152)
Brock Z. Pittman (OBA #32853)
The Parkway Building
3401 N.W. 63rd Street, Suite 600
Oklahoma City, Oklahoma 73116
Tel: (405) 232-2020
Fax: (405) 228-1113
Clay@christensenlawgroup.com
Jon@christensenlawgroup.com
Brock@christensenlawgroup.com

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ Charles C. Eblen
Charles C. Eblen (*pro hac vice*)
Jason Scott (*pro hac vice*)
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel: (816) 474-6550
Fax: (816) 421-5547
ceblen@shb.com
jscott@shb.com

-and-

Eric J. Hobbs (*pro hac vice*)
1660 17th Street, Suite 450
Denver, Colorado 80202
Tel: (303) 285-5300
Fax: (303) 285-5301

-and-

Caroline M. Gieser (*pro hac vice*)
1230 Peachtree Street, Suite 1200
Atlanta, Georgia 30317
Tel: (470) 867-6013
Fax: (470) 867-6001
cgieser@shb.com

*Counsel for Plaintiffs, Alert 360 Opco, Inc., Central Se*
*and Guardian Security Systems, Inc. d/b/a Alert 360*


/s/ Stacyln M. Doore_____
K. McKenzie Anderson, OBA No. 30471
Rachel E. Epstein (*admitted pro hac vice*)
Ellyde R. Thompson (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LL
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000
rachelepstein@quinnemanuel.com
ellydethompson@quinnemanuel.com
mckenzieanderson@quinnemanuel.com

Stacyln M. Doore (*admitted pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LL
111 Huntington Ave., Suite 520
Boston, Massachusetts 02199
(617) 712-7100
stacylyndoore@quinnemanuel.com

John D. Russell, OBA No. 13343
GableGotwals
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120-1495
(918) 595-4800
jrussell@gablelaw.com

*Counsel for Defendants Vivint Smart Home,*
*Inc., and Legacy Vivint Smart Home, Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that on June 20, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

 /s/  *J. Clay Christensen*

*Attorney for Counsel for Plaintiffs, Alert 360 Opco, Inc., Central Security Group – Nationwide, Inc. d/b/a Alert 360 and Guardian Security Systems, Inc. d/b/a Alert 360*
